UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. GHOLSON,
 #38293-044,

    Petitioner,                                           Civil Action No. 19-CV-12817

vs.                                                     HON. BERNARD A. FRIEDMAN

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

        Petitioner, who is currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner seeks relief from his federal criminal sentence imposed by the United States District Court for the Eastern District of Missouri. For the reasons explained below, petitioner's challenge is not properly filed under § 2241. The Court shall therefore dismiss the petition.

**I. Background**

        On October 7, 2011, petitioner pled guilty to one count of conspiracy to distribute and possession with the intent to distribute more than five kilograms of cocaine and fifty grams of cocaine base, as well as three counts of distribution of more than five grams of cocaine base. *See United States v. Gholson*, No. 4:10-cr-618-AGF-3 (E.D. Mo.) [docket entry 559]. On March 5, 2012, petitioner was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines to 204 months' imprisonment, to be followed by five years of supervised release.

        Judge Audrey G. Fleissig of the Eastern District of Missouri recently summarized the background of this case as follows:

On December 3, 2014, in [*United States v. Gholson* ("*Gholson I*"), Case No. 4:10-CR-618-AGF-3], counsel filed a motion for retroactive application of amendment 782 of the Guidelines. The probation office filed a report stating that movant was sentenced as a career offender under the Guidelines, and thus not eligible for a reduction in his sentence based on amendment 782. Following the filing of this probation report, defense counsel filed a motion to withdraw his previously filed motion, which the Court granted. *See Gholson I*, ECF No. 867.

On August 10, 2017, in *Gholson I*, movant filed another pro se motion for retroactive application of amendment 782 of the Guidelines. *See Gholson I*, ECF No. 948. The Court denied movant's pro se motion because, again, movant's offense level was determined based on his career offender status under § 4B1.1. *See Gholson* at ECF No. 951. Additionally, the Court stated that movant's sentence of 204 months' imprisonment resulted from a downward variance below the Guideline range. "This sentence is below the Guideline range under the amended Guidelines. Pursuant to U.S.S.G. § 1B1.10(b)(C)(A), a Court may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the Amended Guideline range." *Id.*

On September 25, 2015, movant filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court opened the instant case, *Gholson v. United States*, 4:15-CV-1478-AGF ("*Gholson II*"), and appointed the Federal Public Defender to represent movant. On March 21, 2016, counsel filed an amended motion to vacate under § 2255. Counsel asserted that under *Johnson* movant did not qualify as a career offender.

Simultaneously, counsel filed a motion to stay *Gholson II* based on the Supreme Court's pending case *Welch v. United States*, which presented the question of whether *Johnson* applied retroactively in a Guidelines context. The Court granted this stay. During the stay of the case pending *Welch*, counsel file another motion to stay pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which the Court also granted. *See* ECF No. 19.

On April 13, 2017, after *Beckles* was decided, movant's counsel filed a motion to voluntarily dismiss without prejudice *Gholson II*. *See* ECF No. 23. Movant, himself, filed a signed acknowledgement that he had authorized counsel to file the motion to voluntarily dismiss. *See id.* On April 17, 2017, the Court granted movant's motion and dismissed this case without prejudice.[1]

On January 19, 2018, the Eighth Circuit Court of Appeals issued a Judgment in *Gholson II*, denying movant's petition for authorization to file a successive habeas application in the district court.

---

[1] On June 14, 2018, movant filed another pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court opened another new case, and denied movant's motion as time barred. *See Gholson v. United States*, Case No. 4:18-CV-970-AGF (E.D. Mo. filed Jun. 14, 2018) ("*Gholson III*").

*Gholson v. United States*, No. 4:15-CV-1478-AGF, 2019 WL 2184962, at *1-2 (E.D. Mo. May 21, 2019) (alteration added).

On July 30, 2018, petitioner filed a pro se motion in the Eastern District of Missouri to reinstate his amended motion to vacate, set aside, or correct sentence pursuant to § 2255. Petitioner sought "to reopen th[e] case that, on the advice of counsel, [he] voluntarily dismissed under Rule 41(a) after the Supreme Court's decision in *Beckles*." *Id.* at 2. Petitioner stated in the motion that "in light of *Johnson*, his Sentence violates Due Process of Law. This Court should reinstate The Material that was Requested held in abeyance. This Court should Vacate his erroneous Career Offender Sentence and Re-Sentence him without The Career Offender Enhancement." *Id.* Judge Fleissig denied petitioner's motion to reinstate his amended § 2255 motion because

> [f]irst, this case was closed through movant's voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A). A voluntary dismissal under Rule 41(a) normally divests the Court of jurisdiction over the action. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-82 (1994). Exceptions to this rule have been recognized for matter arising under Federal Rules 11 and 60, however, neither rule is applicable here. *See id.*
>
> Even assuming the Court had jurisdiction to address the merits of movant's motion, the Court would deny the motion. In *Beckles*, the Supreme Court held that the residual clause in § 4B1.2(a) of the Guidelines is not subject to a void for vagueness challenge under the due process clause. Based on *Beckles*, movant's argument that his prior conviction for felonious restraint was not a "crime of violence" and thus he did not qualify as a career offender

3

> under § 4B1.2(a) is meritless. *See Beckles*, 137 S. Ct. at 895. Moreover, prior to filing the instant motion in this case, the United States Court of Appeals for the Eighth Circuit denied movant's petition to authorize a successive habeas application in the district court.

*Id.*

On September 26, 2019, the instant § 2241 petition was filed in this Court.[1] Petitioner argues that he is actually innocent of the § 4B1.1 career offender designation.

**II. Analysis**

Petitioner argues in his habeas petition filed pursuant to § 2241 that he was improperly sentenced as a career offender under § 4B1.1. The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or sentence under § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758.

In the present case, petitioner challenges his sentence, and therefore his claim is

---

[1] Although he was sentenced in the Eastern District of Missouri, petitioner presumably filed his habeas petition in the Eastern District of Michigan because "[a] prisoner who wants to challenge the execution of his sentence or the manner in which his sentence is being served must file a petition for a writ of habeas corpus under § 2241 in the district where he is incarcerated." *Webb v. Streeval*, No. 18-5988, 2019 WL 4554530, at *2 (6th Cir. June 11, 2019) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir 1999)). As noted above, petitioner is incarcerated in Milan, Michigan, which is in the Eastern District of Michigan. But the filing of his petition is improper for other reasons, which are discussed below.

properly filed pursuant to § 2255, unless he can show that a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate may have been unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756.

Petitioner argues that he should be permitted to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his career offender designation. But this does not show that his remedy under § 2255 is inadequate or ineffective. Petitioner sought to file a successive petition challenging his career offender designation on the same grounds raised in the instant petition, but the Eighth Circuit Court of Appeals denied authorization to file a successive petition. *See Gholson v. United States*, No. 17-2946 (8th Cir. Jan. 19, 2018). Moreover, Judge Fleissig has previously denied petitioner's motions challenging the application of the career offender sentencing enhancement. "The mere fact that the courts have not found [petitioner's] arguments persuasive is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective." *Brewster v. Perez*, 36 F. App'x 781, 783 (6th Cir. 2002) (citing *Gregory*, 181 F.3d at 714). Because petitioner has not shown that his remedy under § 2255 is inadequate or ineffective, his challenge to his sentence is not properly asserted in a § 2241 petition.

Further, *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), allows a federal prisoner to

5

challenge his sentencing enhancement as a career offender under § 2241 in certain narrow circumstances, but it does not provide a mechanism for petitioner to do so. *Hill* applies only to federal prisoners who were sentenced before *United States v. Booker*, 543 U.S. 220 (2005), rendered the Sentencing Guidelines merely advisory in 2005. *Hill*, 836 F.3d at 595. Petitioner was sentenced in 2012, which was well after *Booker*. Accordingly, *Hill* does not provide a basis for petitioner to challenge his sentencing enhancement under § 2241.

## III. Conclusion

For the foregoing reasons,

IT IS ORDERED that the petition for a writ of habeas corpus [docket entry 1] is dismissed.

Dated: December 13, 2019  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2019.

William A. Gholson #38293-044  
Milan Federal Correctional Institution  
Inmate Mail/Parcels  
PO Box 1000  
Milan, MI 48160

s/Johnetta M. Curry-Williams  
Case Manager